SARTAIN, Judge.
This is an expropriation proceeding in which the Town of White Castle, Louisiana, seeks title to a 10.196 acre tract of land within the city limits of that town as a site for the construction of a federally financed housing project to contain fifty-eight units. The acreage sought, and referred to herein as the Olano Tract, is an L-shaped part of a 16 acre parcel owned by Paul Olano, Ruth Olano Slicho, Esther Olano Acosta, and Neil O. Olano, now deceased and represented herein by his widow and son, Dorothy Deville Olano and Donald Neil Olano, each of these parties being owners of an undivided one-fifth interest. Also owners to the extent -of one-tenth each are Robert Still and Harold Still.
The Olano property lies in the southerly part of this unzoned community of an approximate population of 3,000, and with the exception of the remains of an old, uninhabited residence thereon, is unimproved and rather densely covered with trees of varying sizes, all of which would require considerable clearing. It is bordered on the north by South Street, a partially paved and partially shell-covered city street; on the west, by Bowie Street, which appears to be a major traffic artery in the community; on the east by an unused and abandoned city street, and on the south by an adjacent tract. It appears that paralleling Bowie Street and lying between that street and the Olano property is another abandoned city street and a twenty foot wide right-of-way which is apparently abandoned and serves as a drainage ditch only.
The parties to this action entered into the following stipulations:
a. Plaintiff is a political subdivision of the State of Louisiana, organized under R.S. 40:391 et seq.;
*77 b. That plaintiff has the right of eminent domain;
c. That the requirement of R.S. 40:455 was satisfied by the certified copy of resolution attached to plaintiff’s original petition, and
d. That defendants are the true and lawful owners of the land sought to be expropriated in the proportions to each as set forth in Article 9 of plaintiff’s original petition.
Exceptions of no cause of action and prematurity were filed by the defendants and the latter was tried in the court below, and judgment was subsequently rendered resolving both in favor of the Housing Authority. They are not urged here and the only issue before us is the value to be assigned to the expropriated part of the Olano property.
Pursuant to trial on the merits, judgment was rendered by the district court and adjudicating the property to the expropriating authority and awarding compensation to the land owners in the amount of $86,666.00. The Housing Authority has appealed, praying that the award be reduced to conform with their appraiser’s valuation of the land which was $32,000.00. The defendants have answered the appeal praying for an increase in the award to $93,000.00. We note that the appellants have also filed a motion to strike which is directed at a copy of a sale attached by ap-pellees to the brief filed with this court, but not in the record lodged from the trial court. We affirm the judgment of that court.
The record establishes that due to the extensive plantation and farming interests in the area, which have no desire to put their land on the market, acreage for sale in the White Castle area is extremely restricted and the supply apparently does not meet the demand in that regard, particularly of the amount of acreage needed by the Housing Authority for this project. Three expert appraisers were qualified by the litigants, each of whom agreed that the highest and best use of the Olano Tract was for residential purposes. Their valuations of the land varied considerably, however.
Plaintiff offers the testimony of R. N. Sims, a qualified appraiser from Donald-sonville, Louisiana, who offers five White Castle sales as indicators of the worth of the property in question. As previously indicated, he determined that the Olano Tract was worth $32,000.00 or $3,209.00 per acre, his initial determination having been, however, that the Housing Authority was expropriating 9.971 acres, when in actuality, the taking amounted to 10.196 acres. Applying his per acre evaluation, however, we can conclude as suggested by the appellants, that his award in view of the increased acreage would be $32,718.96.
The appellees relied upon the testimony of Kermit A. Williams and J. M. Powell, Jr., both acknowledged experts from Baton Rouge, Louisiana. Mr. Williams examined nine local sales and arrived at a determination that the Olano property should be valued at $101,960.00, or $10,000.00 per acre. Mr. Powell testified as to eleven sales which he found to be comparable to varying degrees and concluded that $93,000.00 or approximately $9,200.00 per acre would be fair value.
As the trial judge entered no written reasons for judgment, we are, of course, not aware of which of the comparables he relied upon in reaching his decision. We find, however, that his evaluation of the worth of this property was accurate.
The sales offered as comparison by the appraisers are, to some extent, similar to the Olano property but, in many ways, are not. Several of those cited are much smaller parcels and are used for commercial purposes, while those introduced which are of similar size do not seem to be true comparables, either because the tracts are obviously inferior to the Olano land or were sold under such conditions that the price paid does not accurately reflect the value. The court will not engage in a *78 complete analysis of all of those sales presented for consideration and we find that no one of them can be selected as a particularly better comparable than certain of the others. Collectively, however, they seem to accurately reflect local values which support the judgment rendered below.
Directly across Bowie Avenue from the Olano Tract is an L-shaped parcel, .79 acres in size, with reduced frontage on Bowie, which was acquired by the Town of White Castle from Cleveland I. Joseph in 1967. It was to be used by the town for the construction of a water tower. While we recognize that this tract is considerably smaller than the subject property, the amount paid by the Town of White Castle cannot be overlooked. There, on a per-acre basis, the seller was paid $8,743.00 ($6,500.00 for .79 acres) as compared with the $8,500.00 per acre awarded here by the trial judge.
Another sale bearing on this decision is that of the property of the Luke Babin Co., Inc. to the Housing Authority of White Castle. There, slightly less than four acres (in two separate tracts) were conveyed to the expropriating authority in this case for $40,000.00, or a per acre price of $10,111.00, in 1968. While there are evidences that the Babin property was further developed and more improved than the Olano Tract, the price per acre here is some $1,600.00 less than paid there.
The comparables particularly relied upon by the appellant have not gone without notice, they being a sale by Roger J. Barlow to Ernest J. Francise and Sam J. Guercio, III of a ten-acre tract for $35,000.00 or $3,500.00 per acre, and a sale from Lawrence Adams, et al. to Dixie Sales & Service, Inc. of 7.97 acres at a per acre price of $3,137.00, the former in 1969, the latter in 1970. Certain factors, however, mitigate their usefulness here. Roger J. Barlow testified at the trial that he would not have sold his property at that price had it not been for the fact that his doctor’s orders concerning his ill health caused him to liquidate immediately. As for the Adams Tract, it is characterized by the appraisers as inaccessible, without the utilities provided by the town, burdened with two pipeline servitudes, and obviously of narrow and irregular dimensions.
Additionally other factors support the trial judge’s decision. Mr. Powell concluded that the Olano Tract is probably the most desirable acreage in the Town of White Castle and is suitable for a variety of uses. This is borne out by the testimony of plaintiff’s appraiser, Mr. Sims, who related that the town really has only one way to grow and that is in the direction of the Olano property. We also note that of the nine sales submitted as comparables by Mr. Williams, one of those being the Adams sale previously considered, the average per acre price for all of those nine transactions was $11,150.00. We find that the award rendered by the court below is neither excessive nor inadequate and affirm it as such.
As for the attachment by appellees to their brief of a copy of a certain sale which may or may not have had a bearing on this matter, and of which appellant complains here, as that document was not a part of the record compiled in the district court, that transaction has not been considered by this court and has had no bearing whatsoever on our judgment in this case.
All costs of this appeal to be paid by the appellant.
Affirmed.